# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>T.R.A. INDUSTRIES, INC., d/b/a HUNTWOOD INDUSTRIES, a Washington corporation,<br><br>    Defendant. | NO. CV-09-283-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Ct. Rec. 13), Plaintiff's Response (Ct. Rec. 16), and Defendant's Reply (Ct. Rec. 18). Defendant is T.R.A. Industries, Inc., d/b/a Huntwood Industries ("T.R.A."), and Plaintiff is HSBC Bank USA ("HSBC"), a national bank.

## Background

T.R.A. manufactures custom-made wood cabinetry (Ct. Rec. 1 at 2). T.R.A. and Key Equipment Finance ("KEF") allegedly entered into a Master Equipment Lease Agreement under which KEF leased T.R.A. equipment that is now installed in T.R.A.'s manufacturing plant. *Id.* T.R.A. in return agreed to pay rent on the leased equipment and perform additional obligations. *Id.* On March 10, 2006,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT ~ 1

KEF sold its interest in the Master Lease to HSBC (Ct. Rec. 1 at 4). In its Complaint, HSBC alleges that T.R.A. defaulted on the Master Lease (Ct. Rec. 1 at 5). HSBC has alleged three claims: specific performance, recovery of the equipment, and breach of contract (Ct. Rec. 1).

In alleging jurisdiction in the Complaint, HSBC stated that "Plaintiff HSBC Bank USA, National Association . . . is a Delaware corporation, licensed to do business in the state of Washington and doing business in Seattle, King County, Washington" (Ct. Rec. 1 at 1.) In the pending Motion to Dismiss, T.R.A. argues that HSBC's "jurisdictional allegations" in HSBC's complaint are "clearly insufficient" to support diversity jurisdiction (Ct. Rec. 14 at 5).[1]

---

[1] Defendants cite to *Schlegel v. Bank of America, N.A.*, 2007 U.S. Dist. LEXIS 31218 (W.D. Va. 2007) under L.R. 7.1(g)(2)(Ct. Rec. 14 at 5). However, this is improper. L.R. 7.1(g)(2) states in relevant part, "[u]npublished decisions filed prior to January 1, 2007 may not be cited, except that. . .*unpublished Ninth Circuit decisions* may be cited in accordance with Circuit Rule 36-3" (emphasis added). Circuit Rule 36-3(b) states in relevant part, "[u]npublished dispositions and orders *of this court* issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1." Neither the Local Rule nor the Circuit Rule allow for the citation of unpublished decisions outside of the Ninth Circuit regardless of their filing date.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT ~ 2

## Applicable Law

A district court has diversity jurisdiction if the parties are citizens of different states and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332. A state bank, like corporations generally, is "deemed to be a citizen of any State by which it has been incorporated" and "of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). Therefore, a state bank pleading diversity jurisdiction must allege the state of its principal place of business as well as the state of its incorporation. *See Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970).

In contrast, national banks are "deemed citizens of the States in which they are respectively located," and for diversity jurisdiction purposes, a national bank is a "citizen of the State in which its main office, as set forth in its articles of association, is located." 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006).

Subject matter jurisdiction challenges can be either facial or factual. Fed. R. Civ. P. 12(b)(1).

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

*Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). In ruling on a facial attack, the Court is limited to considering the complaint alone. *Id.* at 362. "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [plaintiff's] complaint." *Id.* However, with a factual attack, the Court may go beyond the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT ~ 3

complaint and assess whether a plaintiff can demonstrate facts sufficient to establish subject matter jurisdiction. "[A] court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## Discussion

In this case, HSBC pleaded that "plaintiff is a corporation incorporated under the laws of the state of Delaware, with its principal place of business in New York," and "defendant is a corporation incorporated under the laws of the state of Washington, with its principal place of business in Liberty Lake, Washington" (Ct. Rec. 1 at 2). Additionally, HSBC pleaded "the amount in controversy, without interest and costs, is in excess of $75,000." *Id.* In a facial analysis, viewing the jurisdictional facts set out in the complaint as accurate, HSBC has properly pleaded diversity jurisdiction for a corporation. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). From the facial analysis of the Complaint, HSBC is a citizen of Delaware and New York and as such has diverse citizenship from Defendant, a citizen of Washington. T.R.A.'s facial attack fails.

Even if the Court views HSBC's Complaint under a factual analysis, there is still diversity jurisdiction. In response to Defendant's Motion to Dismiss, HSBC referred the Court to its Amended and Restated Articles of Association, filed with the Comptroller of the Currency of the U.S. Treasury on December 19, 2008, which states that HSBC's main office is in Virginia (Ct. Rec. 16 at 4). The Court may take judicial notice of this undisputed public record without converting the motion to a motion for summary judgment. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Therefore, factually for purposes of citizenship and

ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT ~ 4

diversity jurisdiction, HSBC is a citizen of Virginia. *See* 28 U.S.C. §1438; *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307(2006). As Defendant T.R.A. is a citizen of Washington, diversity of citizenship exists. Therefore, the Court finds that subject matter jurisdiction exists pursuant to 28 U.S.C. §1332. Accordingly,

**IT IS HEREBY ORDERED** that T.R.A.'s Motion to Dismiss, **Ct. Rec. 13,** is **DENIED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 19th day of April, 2010

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge